IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ANADEX DATA COMMUNICATIONS LLC,<br><br>    *Plaintiff,*<br><br>    v.<br><br>AT&T INC.; AT&T COMMUNICATIONS LLC; AND AT&T SERVICES INC.<br><br>    *Defendants.* | Civil Action No. 4:25-cv-317<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Anadex Data Communications LLC ("ADC" or "Plaintiff"), for its Complaint against Defendants AT&T Inc., AT&T Communications LLC, and AT&T Services Inc., (referred to collectively herein as "AT&T" or "Defendants"), alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Plaintiff is a limited liability company organized under the laws of the State of Texas and can be contacted through the undersigned counsel of record.

3. Upon information and belief, Defendant AT&T Inc. is a corporation organized under the laws of the State of Delaware with a place of business at 208 South Akard Street, Dallas, Texas 75202. AT&T Inc. may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Upon information and belief, Defendant AT&T Communications LLC is a limited liability company organized under the laws of the State of Delaware with a place of business at 208 South Akard Street, Dallas, Texas 75202. AT&T Communications may be served through its registered agent for service, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

5. Upon information and belief, Defendant AT&T Services Inc. is a corporation organized under the laws of the State of Delaware with a place of business at 208 South Akard Street, Dallas, Texas 75202. AT&T Services may be served through its registered agent for service, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

6. Upon information and belief, each Defendant sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

10. This Court has personal jurisdiction over Defendants under the laws of the State of Texas, due at least to their substantial business in Texas and in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of Texas. Venue is also proper in this district because each defendant has a regular and established

place of business in this district.  For instance, AT&T Inc. operates and maintains a regular and established place of business in this district at 2900 W Plano Pkwy, Plano, Texas 75075. Each Defendant also operates and maintains retail stores within this federal judicial district including those located at 1712 E Grand Ave, Marshall, Texas 75670, 109 W Loop 281, Longview, Texas 75605, 1214 North US Highway 259, Suite 102, Kilgore, Texas 75662, and 3605 N Main Street, Suite 104, Taylor, Texas 76574.  (See https://www.att.com/stores/texas.)

11. Upon information and belief, Defendants sell, offer to sell, and/or use products and services throughout the United States, including in this judicial district, and introduce infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

12. On information and belief, Defendants design, develop, manufacture, sell, offer to sell, and/or import products, devices, systems, and/or components of systems through certain accused instrumentalities (as discussed further below) that either infringe or support the infringement of the patent asserted in this action.

## BACKGROUND

### The Invention

13. Marcin Zalewski is the inventor of U.S. patent No. 7,310,120 ("the '120 patent").  A true and correct copy of the '120 patent is attached as Exhibit 1.

14. The '120 patent resulted from the pioneering efforts of Marcin Zalewski (hereinafter "the Inventor") in the area of analog video conversion receivers.  These efforts resulted in development of a receiver which could receive and convert an analogue video signal and control the display of the video frames at the time of the invention in 2004.  At the time of these pioneering efforts, the most widely implemented technologies used to address controlling display of video signal frames were systems comprising a single frame buffer or systems comprising two

frame buffers.  In single frame buffer systems, output could be affected by interferences unless input and output timers were synchronized.  This was problematic due to difficulties related to switching among input signals with different synchronization frequencies/phases.  Systems with two frame buffers for double buffering where data was fetched into the first buffer and then copied to the second buffer required copying of large amounts of data.  The Inventor conceived of the inventions claimed in the '120 patent as a way to reduce the interferences and allow a conversion of video frames in such a way that the output frequency could be either lower or higher than the input frequency.  (*See* Ex. A, the '120 patent, at 1:16-66.)

15. For example, the Inventor developed a receiver of analogue video signal having means for analogue video signal conversion.

**Advantage Over the Prior Art**

16. The patented invention disclosed in the '120 patent, provides many advantages over the prior art, and in particular improved the operations of analog video conversion receivers. (*See* Ex. A at 2:1-2.)  One advantage of the patented invention is to eliminate the interferences and allowing a conversion of video frames frequency, in such a way that the output frequency can be either lower or higher than the input frequency.  (*See* Ex. A at 1:61-24.)

17. Another advantage of the patented invention is the avoidance of picture interference, as is needed for the transfer of large amount of data between separate frame buffers.  Thanks to data buffering in the queue of the frame buffers, and to the method of controlling it, problems with synchronization of the input signal frame timer with the of output signal frame timer, can be also avoided.  (*See* Ex. A at 3:12-18.)

18. Because of these significant advantages that can be achieved through the use of the patented invention, the '120 patent presents significant commercial value for companies like

Amcrest. Indeed, aspects of the present invention are widely applicable to the use and function of video surveillance systems.

**Technological Innovation**

19. The patented invention disclosed in the '120 patent resolves technical problems related to of analog video conversion receivers, particularly problems related to the utilization of frame buffering. As the '120 patent explains, one of the limitations of the prior art as regards analog video conversion receivers was that controlling display of video signal frames comprised using a single frame buffer or two frame buffers. In single frame buffer systems, output could be affected by interference unless input and output timers were synchronized. Systems with two frame buffers for double buffering where data was fetched into the first buffer and then copied to the second buffer required copying of large amounts of data. (*See* Ex. A at 1:29-47.)

20. The claims of the '120 patent do not merely recite the performance of some well-known business practice from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the '120 patent recite inventive concepts that are deeply rooted in engineering technology and overcome problems specifically arising out of how to eliminate video signal display interferences and allow a conversion of video frames frequency, in such a way that the output frequency can be either lower or higher than the input frequency.

21. In addition, the claims of the '120 patent recite inventive concepts that improve the functioning of video surveillance systems, particularly improved performance of the video signal from a surveillance camera input to a user's output device.

22. Moreover, the claims of the '120 patent recite inventive concepts that are not merely routine or conventional use of analog video conversion receivers. Instead, the patented invention

disclosed in the '120 patent provides a new and novel solution to specific problems related to improving the frequency of video frames.

23. And finally, the patented invention disclosed in the '120 patent does not preempt all the ways that analog video signal conversion may be used to improve analog video conversion receivers, nor does the '120 patent preempt any other well-known or prior art technology.

24. Accordingly, the claims in the '120 patent recite a combination of elements sufficient to ensure that the claim in substance and in practice amounts to significantly more than a patent-ineligible abstract idea.

**Prior Litigation**

25. The '120 patent was previously litigated in the District Court for the Eastern District of Texas (*Anadex Data Communications LLC v. Lowe's Companies, Inc. et al.*, C.A. No. 4:21-cv-00523 (E.D. Tex.) and *Anadex Data Communications LLC v. Harbor Freight Tools USA, Inc.*, C.A. No. 4:21-cv-00524 (E.D. Tex.)); in the District Court for the Western District of Texas (*Anadex Data Communications LLC v. Samsung Electronics America, Inc.*, C.A. No. 6:23-cv-01420 (W.D. Tex.), *Anadex Data Communications LLC v. Amcrest Technologies LLC, et al.*, C.A. No. 6:23-cv-01417 (W.D. Tex.), *Anadex Data Communications LLC v. Altex Electronics, Ltd.*, C.A. No. 6:23-cv-01416 (W.D. Tex.), *Anadex Data Communications LLC v. Lorex Technology, Inc.*, C.A. No. 6:20-cv-00246 (W.D. Tex.), and *Anadex Data Communications LLC v. Compassion Consulting & Distribution, LP, d/b/a Top Dawg Electronics*, C.A. No. 6:20-cv-00236 (W.D. Tex.)) (collectively "Prior Litigation"); and in the District Court for the Central District of California (*Anadex Data Communications LLC v. The Home Depot, Inc.*, C.A. No. 2:22-cv-01741 (C.D. Cal.)).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,310,120

26. The allegations set forth in the foregoing paragraphs 1 through 25 are incorporated into this First Claim for Relief.

27. On December 18, 2007, U.S. Patent No. 7,310,120 ("the '120 patent"), entitled "RECEIVER OF ANALOGUE VIDEO SIGNAL HAVING MEANS FOR ANALOGUE VIDEO SIGNAL CONVERSION AND METHOD FOR CONTROL OF DISPLAY OF VIDEO FRAMES," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '120 patent is attached as Exhibit 1.

28. Plaintiff is the assignee and owner of the right, title and interest in and to the '120 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them, including all past infringement.

29. Upon information and belief, each Defendant has and continues to directly infringe at least claim 1 of the '120 patent by making, using, selling, importing and/or providing and causing to be used a products, specifically one or more security video camera DVR recording system(s) that have analog inputs as well as analog outputs, which by way of example include, without limitation, Defendants' set top boxes, cable boxes, digital video recorders, and similar systems (the "Accused Instrumentalities").[1]

30. Exemplary infringement analysis showing infringement of claim 1 of the '120 patent is set forth in Exhibit 2. This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Defendant with respect to the '120 patent. Plaintiff

---

[1] Plaintiff notes that the listed "Accused Instrumentalities" are not intended to be exhaustive. The present list of "Accused Instrumentalities" is necessarily preliminary in that Plaintiff has not obtained substantial discovery from Defendants nor have Defendants disclosed any detailed analysis for their non-infringement position, if any. Thus, it would be improper for Defendants to withhold otherwise responsive information regarding unlisted products on the basis that those products are not specifically named herein.

reserves all rights to amend, supplement and modify this preliminary infringement analysis. Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '120 patent.

31. The Accused Instrumentalities infringed and continue to infringe at least claim 1 of the '120 patent during the pendency of the '120 patent.

32. Plaintiff has been harmed by Defendants' infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendants as follows:

A.  An adjudication that the Defendants have infringed the '120 patent;

B.  An award of damages to be paid by Defendants adequate to compensate Plaintiff for Defendants' past infringement of the '120 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.  A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D.  An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Dated: March 28, 2025                                    SHEA | BEATY PLLC

*/s/ Trevor Beaty*
Trevor Beaty
trevor@sheabeaty.com
One Grande Centre
1800 Teague Drive, Suite 500
Sherman, Texas 75090
Telephone: (903) 870-7771
Facsimile: (903) 870-7888

*Attorney for Plaintiff*
*Anadex Data Communications LLC*